094-188-00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| GAI KUOT, #507979, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-0006 |
| | ) | Judges Sharp/Knowles |
| CORRECTIONS CORPORATION | ) | **Jury Demand** |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

### DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS
_____

Defendants, Cherry Lindamood, Kristen Buttram, Daniel Dodd, Christopher McClain, Hank Inman, Dr. Robert Coble, Mark Hacker, Corrections Corporation of America ("CCA"), Jason Medlin, Damon Hininger, Arvil Chapman, and Benjamin Killingsworth ("moving Defendants"), by and through counsel of record, move for a stay of the proceedings in this matter, including all discovery, pending the ruling on the Defendants' Motion to Dismiss. In support of their Motion, Defendants show as follows:

1. Moving Defendants' Motion to Dismiss was filed on May 27, 2016 and is currently pending before this Court. (D.E. 65, Defs.' Motion to Dismiss).

2. This Court has the inherent authority to efficiently manage cases pending before it. Such authority is in keeping with the purposes of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

1

4. "District court[s] have broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Further, "[d]istrict courts have broad discretion and power to limit to stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

5. A stay of all proceedings, including discovery, will promote judicial economy and conservation of the parties' resources. *See, e.g., Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (quoting *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

6. The moving Defendants have already been required to expend great expense to wade through Plaintiff's verbose, rambling, and conclusory Complaint in order to prepare their Motion to Dismiss. Further, the moving Defendants received a letter from the Plaintiff indicating that he intends to submit thousands of pages of Requests for Admission and seeking up to a dozen banker's boxes of documents through requests for production, as well as demanding a "1st wave" of depositions that Plaintiff anticipates to take 40 to 60 hours, should he be permitted to conduct such depositions.[1] (*See* Exhibit A., p. 3). Without a stay, the parties will engage in time-consuming, expensive, and potentially needless discovery, as the moving Defendants' Motion to Dismiss seeks dismissal of this case in its entirety against these Defendants.

---

[1] Plaintiff has already propounded a total of approximately 150 pages of Requests for Admission and Requests for Production of Documents in this action.

2

7. Moreover, awaiting the Court's ruling on the Motion to Dismiss will, at a minimum, focus the case and give the parties guidance that would bear on the scope and/or volume of any discovery that may have to occur. Requiring discovery to commence without the potential benefit of such guidance would undermine the very efficiency that the Federal Rules are intended to foster. *See* Fed. R. Civ. P. 1 (the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."). In this regard, proceeding further with this case, including extensive written discovery, prior to a ruling on the moving Defendants' Motion to Dismiss would not serve the interests of efficiency for the Court or any of the parties.

**WHEREFORE**, the moving Defendants move the Court to enter an Order staying all proceedings in this case, including discovery, pending the Court's ruling on the moving Defendants' Motion to Dismiss.

Respectfully submitted,

**Pentecost, Glenn, Mauldin & York, PLLC**

By: s/Jonathan D. Buckner
JAMES I. PENTECOST #11640
JONATHAN D. BUCKNER #32458
KIRSTIN E. HARPER #33256
Attorney for Defendants
106 Stonebridge Boulevard
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 – Fax
jpentecost@pgandr.com
jbuckner@pgandr.com
kharper@pgandr.com

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading (Motion to Stay) or papers by U.S. mail upon:

Madeline B. Brough
Assistant Attorney General
Civil Rights & Claims Division
Office of the Attorney General & Reporter
PO Box 20207
Nashville, TN 37202-0207


Gai Kuot, #507979
South Central Correctional Facility
P.O. Box 279
Clifton, TN 38425

on or before the filing date thereof.

DATE: This the 27th day of May, 2016.

By:  s/Jonathan D. Buckner
     JONATHAN D. BUCKNER