# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| GAI KUOT, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 1:16-cv-00006 |
| | ) CHIEF JUDGE CRENSHAW |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) |
| Defendants. | ) |

# ORDER

Before the Court is a Report and Recommendation (Doc. No. 153) in which the Magistrate Judge recommends that the Court grant the Defendants' Motion to Dismiss. Plaintiff has filed Objections (Doc. No. 154) and Defendants have filed a Response (Doc. No. 155). The Court has conducted a de novo review of this matter.

Plaintiff, an inmate currently housed at South Central Correctional Facility for committing first degree murder, filed his original Complaint in this action two years ago. Plaintiff's 143-page Complaint alleged numerous purported constitutional and state claims. After initial review of this matter, the Hon. Kevin Sharp described the Complaint as "rambling, repetitive, and far-reaching." (Doc. No. 7.) However, process was issued for all of the named defendants. The Defendants subsequently moved the court to dismiss the Complaint for failure to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. (Doc. No. 65.) Plaintiff sought and was granted leave to amend his Complaint. (Doc. No. 82.) The Hon William J. Haynes, Sr. granted Plaintiff's request, but explicitly directed him to file his "superseding amended complaint with a short statement of

the facts for his claims as to each defendant."[1] (Doc. No. 128.) Other than making some minor changes to dates, parties, and paragraphs, the latest version of the 137-page Complaint essentially mirrors the original Complaint (and references its many exhibits).

"The objective of Rule 8 . . . was to make complaints simpler, rather than more expansive." Conley v. Gibson, 355 U.S. 41, 47 (1957). Thus, "the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975). "This is to avoid situations, such as is presented here, wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Id. It is, therefore, axiomatic that complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8. See, e.g., Plymale v. Freeman, 191 U.S. App. LEXIS 6996, at *1-3 (6th Cir. 1991) (affirming dismissal for failure to comply with Rule 8(a)); Morales v. New York, 2014 U.S. Dist. LEXIS 71137, at *14 (S.D.N.Y. May 22, 2014) (observing that "complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed. . . ."); Smith v. City of Chattanooga, 2010 U.S. Dist. LEXIS 134171, at *4-5 (E.D. Tenn. Dec. 17, 2010) (dismissing complaint that is "replete with so much irrelevant information that the Court is unable to determine the precise nature of [plaintiff's] claims"); Schied v. Daughtrey, 2008 U.S. Dist. LEXIS 104697, at *4 (E.D. Mich. Dec. 29, 2008) ("When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discovery whether the essentials of claims asserted can be found

---

[1] On January 17, 2017, this matter was transferred to the docket of the undersigned.

in such a melange."); Barnard v. Beckstrom, 2007 U.S. Dist. LEXIS 38864, at *9 (E.D. Ky. May 29, 2007) (finding complaint violated Rule 8 where it contained "circuitous diatribes far removed from the heart of the claim. . . ."); Brown v. Knoxville News–Sentinel, 41 F.R.D. 283 (E.D. Tenn. 1966) (dismissing 117-page complaint because it was "so prolix, loosely drawn and involved as to be unintelligible").[2]

Plaintiff's latest Complaint is neither short nor plain. The allegations therein are not simple, concise, and direct. It is 137 pages in length and contains innumerable footnotes, legal arguments, and references to numerous extraneous exhibits. It veers from conclusory to disorganized, and from specific to overly broad. Given these factors, responding to the Complaint would place an undue burden on Defendants, and – just as importantly – the continuation of this action as currently devised would impose a huge burden on the Court in attempting to manage this case.

Of course, this Court must be liberal in its view of the pleadings and procedures when a litigant undertakes to present a claim or defense personally. It is not lost on the Court that when Senior Judge Haynes ordered Plaintiff to re-file his Complaint containing a short and plain statement of the facts, Plaintiff was not explicitly warned that dismissal could result from noncompliance. While this warning was not expressly necessary, as the issue had been raised by the Defendants in their briefing, the Court thinks fairness (and the fact that this case initially survived Judge Sharp's frivolity review) calls for such an express warning and the provision of one more opportunity for Plaintiff to comply with Rule 8.

Accordingly, the Report and Recommendation is **ADOPTED IN PART**, as to finding the Complaint wanting under Rule 8. However, rather than outright dismissal, Plaintiff is **ORDERED**

---

[2] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a). Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 673 (9th Cir. 1981).

to, within thirty (30) days, file a further amended Complaint containing a **short and plain statement of his claims**. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. Plaintiff should avoid legal argument, conclusory statements, tangential discussions, and the provision of unnecessary supporting evidence. Stated differently, Plaintiff need only allege what is necessary to put Defendants on notice that they are entitled to relief on any legally sustainable grounds.

Defendants shall answer or otherwise plead in response to any amended Complaint within the time prescribed by the Federal Rules of Civil Procedure.

Given the Court's decision under Rule 8 and the provision for re-pleading, the Court **SETS ASIDE** the Report and Recommendation as to Rule 12.

Defendant's Motion to Dismiss (Doc. No. 142) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE