IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GAI KUOT, #507979, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00006 |
| ) | Judge Campbell / Frensley |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is before the Court upon two Motions to Dismiss Plaintiff's most recently Amended Complaint: the first, filed by Defendants Lindamood, Buttram, Dodd, McClain, Inman,[1] Coble, Hacker, Corrections Corporation of America ("CCA"), Medlin, Hininger, Chapman, and Killingsworth (collectively referred to as "CoreCivic Defendants"[2]) (Docket No. 166); and the second, filed by Defendants Schofield,[3] Woodall,[4] Parker, and Foster (collectively referred to as "TDOC Defendants") (Docket No. 168). Each Motion is accompanied by a

---

[1] Although Hank Inman is not included within the style of Plaintiff's Amended Complaint nor is he named as a party in Plaintiff's listing of the parties, Mr. Inman is part of the CoreCivic Defendants' Motion to Dismiss. *See* Docket Nos. 138, 142.

[2] Corrections Corporation of America is now known as CoreCivic, and will be referred to as such herein.

[3] Defendant Schofield is no longer the Commissioner of the Tennessee Department of Correction ("TDOC").

[4] Defendant Woodall passed away on August 4, 2017. *See* Docket Nos. 151, 151-1.

supporting Memorandum of Law. Docket Nos. 167, 169.

Plaintiff has filed a "Motion in Opposition to Defendant's [*sic*] CCA & TDOC et al., Motion to Dismiss" (Docket No. 173), which the undersigned will construe as a Response to each of Defendants' Motions to Dismiss.

A review of the relevant procedural history of this case is helpful to its resolution.

### A. Plaintiff's Original Complaint and Judge Sharp's Frivolity Review

Plaintiff filed his original Complaint in this matter on February 8, 2016. Docket No. 1. Plaintiff's original Complaint was 143 pages, plus an additional 47 pages of exhibits. *Id.* Plaintiff's original Complaint contained 723 paragraphs of allegations against 25 named and Jane/John Doe Defendants, all of whom he sued in their individual and official capacities. *Id.*

On March 22, 2016, Judge Sharp conducted his frivolity review of Plaintiff's original Complaint and Plaintiff's Application to Proceed In Forma Pauperis. Docket Nos. 7, 8. Judge Sharp thoroughly summarized the allegations of Plaintiff's Complaint and characterized Plaintiff's Complaint as "rambling, repetitive, and far-reaching," but found for purposes of frivolity review that, except for Plaintiff's claims for money damages against state officials in their official capacity, Plaintiff's claims could proceed. Docket Nos. 7, 8.

### B. Plaintiff's First Motion to Amend his Complaint and Defendants' First Motions to Dismiss

On May 13, 2016, Plaintiff filed a Motion to Amend his Complaint. Docket No. 53.[5] While that Motion to Amend was pending, both the TDOC Defendants and the Core Civic

---

[5] Plaintiff's Motion to Amend his Complaint (Docket No. 53) was denied by Judge Haynes as moot in light of his subsequently filed Motion to Amend to Amend (Docket No. 82). Docket No. 117.

Defendants filed Motions to Dismiss with supporting Memoranda of Law, arguing that Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8 and also for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 65, 66, 71, 72.[6] Plaintiff filed a Response in Opposition to Defendants' Motions, and also filed a "Motion to Treat Defendant's Motion to Dismiss as a Motion for Summary Judgment" and a Motion in Opposition to Summary Judgment, each with a supporting Memorandum. Docket Nos. 87-91, 96.[7]

**C. Plaintiff's Second Motion to Amend his Complaint**

On June 28, 2016, while Defendants' Motions to Dismiss were pending, Plaintiff sought leave to Amend his Complaint. Docket No. 82. Defendants filed Responses in Opposition to Plaintiff's Motion to Amend his Complaint. Docket Nos. 92, 93.

**D. Plaintiff's "Third Amended Complaint," Filed Without Leave of Court, and Judge Haynes' February 4, 2017 Order**

While Plaintiff's Motion to Amend his Complaint was pending, Plaintiff filed, without leave of Court, his Third Amended Complaint. Docket No. 94. Defendants' objected to Plaintiff's filing his Third Amended Complaint without leave of Court (Docket No. 98), and Plaintiff's Third Amended Complaint was stricken by Judge Haynes in an Order signed on January 3, 2017 and entered on January 4, 2017 (Docket No. 128). Judge Haynes' Order stated in its entirety:

> Pursuant to Fed. R. Civ. P. 15(a) this Motion is

---

[6] Because Plaintiff was granted leave to file an Amended Complaint, Defendants' Motions to Dismiss his original Complaint were denied by Judge Haynes as moot. Docket No. 119.

[7] Because Plaintiff was granted leave to file an Amended Complaint, these Motions were also denied by Judge Haynes as moot. Docket Nos. 122-124.

> GRANTED. Yet, a third amended complaint was filed without
> leave of Court (D/E No. 94) and that complaint is STRICKEN.
> Plaintiff has 20 days to file a superceding amended complaint with
> a short statement of facts for his claims as to each defendant.

Docket No. 128.

## E. Plaintiff's Subsequent Untimely Amended Complaint and Defendants' Second Set of Motions to Dismiss

On February 10, 2017, Plaintiff filed his Amended Complaint, alleging 128 federal claims and 29 state law claims. Docket No. 138. Plaintiff's Amended Complaint was untimely as it was filed outside the 20 days set forth in Judge Haynes' Order, and, despite Judge Haynes' instruction to "file a superceding amended complaint with a short statement of facts for his claims as to each defendant" (Docket No. 128), with only a few minor adjustments, Plaintiff essentially re-filed his original Complaint.[8]

Defendants' filed new Motions to Dismiss (Docket Nos. 139, 142) with supporting Memoranda of Law (Docket Nos. 140, 143), seeking dismissal of Plaintiff's Amended Complaint again for failure to comply with Fed. R. Civ. P. 8 and also for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff filed a Response in Opposition to Defendants' new Motions to Dismiss, along with two supporting Memoranda of Law. Docket Nos. 144-146.

## F. The Undersigned's Initial Report and Recommendation

On December 28, 2017, the undersigned issued a Report and Recommendation recommending that Defendants' Motion to Dismiss (Docket Nos. 139, 142) be granted because

---

[8] Other than minor changes to the style of the case, minor changes to the contents of a few paragraphs, minor reorganizations of his paragraphs, the naming of the parties, and claiming the relevant time period of the action was November 2012 through the present (rather than November 2012 through October 2015), Plaintiff's Amended Complaint filed February 10, 2017 largely mirrors his original Complaint. *Compare* Docket No. 138 *with* Docket No. 1.

4

Plaintiff's Amended Complaint failed to comply with the pleading requirements set forth in

Judge Haynes' Order (Docket No. 128) and Fed. R. Civ. P. 8, and because the allegations of

Plaintiff's Amended Complaint were conclusory and failed to state a claim upon which relief can

be granted pursuant to Fed. R. Civ. P. 12(b)(6) against either the TDOC Defendants or the

CoreCivic Defendants. Docket No. 153. Specifically, the undersigned stated:

> As a preliminary matter, Plaintiff filed his original Complaint in this action on February 8, 2016. *See* Docket No. 1. As has been discussed above, there is a one year statute of limitations in § 1983 actions in Tennessee. *See, e.g., Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). Accordingly, Plaintiff's claims arising prior to February 8, 2015 are time-barred and should be dismissed.
>
> Addressing Plaintiff's official capacity claims arising on or after February 8, 2015, Plaintiff cannot sustain his official capacity claims against the individual TDOC Defendants because they stand in the shoes of the State of Tennessee, and the law is well-settled that the State is not a "person" amenable to suit under § 1983. Thus, Plaintiff's official capacity claims against the individual TDOC Defendants should be dismissed.
>
> Turning to Plaintiff's official capacity claims against the individual CoreCivic Defendants, those claims are redundant, as those employees stand in the shoes of their employer, CoreCivic, and CoreCivic is itself a Defendant in this action. Plaintiff's official capacity claims against the individual CoreCivic Defendants, therefore, should likewise be dismissed.
>
> Regarding Plaintiff's claims against CoreCivic itself, Plaintiff's allegations that CoreCivic's lack of policy enforcement violated his constitutional rights are conclusory. It is insufficient to simply aver in a conclusory manner that CoreCivic has policies, practices, or customs that violated his constitutional rights.
>
> Considering next Plaintiff's individual capacity claims, as discussed above, in order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the

> conduct that allegedly violated his rights; conclusory allegations are not enough. As has been demonstrated in the recitation of Plaintiff's averments above, Plaintiff's allegations are conclusory. Plaintiff has simply failed to demonstrate that each individual Defendant personally condoned, encouraged, or participated in the allegedly violative conduct. Absent the establishment of the causal connection between the misconduct complained of and the official sued, Plaintiff cannot sustain his claims.

*Id.*

Additionally, because the undersigned recommended that Defendants' Motions to Dismiss (Docket Nos. 139, 142) be granted, the undersigned further recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims; and instead dismiss those claims without prejudice. *Id., citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

## G.  Judge Crenshaw's February 1, 2018 Order

On February 1, 2018, Judge Crenshaw entered an Order stating:

> Before the Court is a Report and Recommendation (Doc. No. 153) in which the Magistrate Judge recommends that the Court grant the Defendants' Motion to Dismiss. Plaintiff has filed Objections (Doc. No. 154) and Defendants have filed a Response (Doc. No. 155). The Court has conducted a de novo review of this matter.
>
> Plaintiff, an inmate currently housed at South Central Correctional Facility for committing first degree murder, filed his original Complaint in this action two years ago. Plaintiff's 143-page Complaint alleged numerous purported constitutional and state claims. After initial review of this matter, the Hon. Kevin Sharp described the Complaint as "rambling, repetitive, and far-reaching." (Doc. No. 7.) However, process was issued for all of the named defendants. The Defendants subsequently moved the court to dismiss the Complaint for failure to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. (Doc. No. 65.) Plaintiff sought and was granted leave to amend his Complaint.

(Doc. No. 82.) The Hon William J. Haynes, Sr. granted Plaintiff's request, but explicitly directed him to file his "superseding amended complaint with a short statement of the facts for his claims as to each defendant." (Doc. No. 128.) Other than making some <u>minor</u> changes to dates, parties, and paragraphs, the latest version of the 137-page Complaint essentially mirrors the original Complaint (and references its many exhibits).

"The objective of Rule 8 . . . was to make complaints simpler, rather than more expansive." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Thus, "the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." <u>Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs</u>, 70 F.R.D. 444, 446 (E.D. Tenn. 1975). "This is to avoid situations, such as is presented here, wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." <u>Id</u>. It is, therefore, axiomatic that complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8. <u>See, e.g.</u>, <u>Plymale v. Freeman</u>, 191 U.S. App. LEXIS 6996, at *1-3 (6th Cir. 1991) (affirming dismissal for failure to comply with Rule 8(a)); <u>Morales v. New York</u>, 2014 U.S. Dist. LEXIS 71137, at *14 (S.D.N.Y. May 22, 2014) (observing that "complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed. . . ."); <u>Smith v. City of Chattanooga</u>, 2010 U.S. Dist. LEXIS 134171, at *4-5 (E.D. Tenn. Dec. 17, 2010) (dismissing complaint that is "replete with so much irrelevant information that the Court is unable to determine the precise nature of [plaintiff's] claims"); <u>Schied v.Daughtrey</u>, 2008 U.S. Dist. LEXIS 104697, at *4 (E.D. Mich. Dec. 29, 2008) ("When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange."); <u>Barnard v. Beckstrom</u>, 2007 U.S. Dist. LEXIS 38864, at *9 (E.D. Ky. May 29, 2007) (finding complaint violated Rule 8 where it contained "circuitous diatribes far removed from the heart of the claim. . . ."); <u>Brown v. Knoxville News–Sentinel</u>, 41 F.R.D. 283 (E.D. Tenn. 1966) (dismissing 117-page complaint because it was "so prolix, loosely drawn and

involved as to be unintelligible").

Plaintiff's latest Complaint is neither short nor plain. The allegations therein are not simple, concise, and direct. It is 137 pages in length and contains innumerable footnotes, legal arguments, and references to numerous extraneous exhibits. It veers from conclusory to disorganized, and from specific to overly broad. Given these factors, responding to the Complaint would place an undue burden on Defendants, and – just as importantly – the continuation of this action as currently devised would impose a huge burden on the Court in attempting to manage this case.

Of course, this Court must be liberal in its view of the pleadings and procedures when a litigant undertakes to present a claim or defense personally. It is not lost on the Court that when Senior Judge Haynes ordered Plaintiff to re-file his Complaint containing a short and plain statement of the facts, Plaintiff was not explicitly warned that dismissal could result from noncompliance. While this warning was not expressly necessary, as the issue had been raised by the Defendants in their briefing, the Court thinks fairness (and the fact that this case initially survived Judge Sharp's frivolity review) calls for such an express warning and the provision of one more opportunity for Plaintiff to comply with Rule 8.

Accordingly, the Report and Recommendation is **ADOPTED IN PART**, as to finding the Complaint wanting under Rule 8. However, rather than outright dismissal, Plaintiff is **ORDERED** to, within thirty (30) days, file a further amended Complaint containing a short and plain statement of his claims. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. Plaintiff should avoid legal argument, conclusory statements, tangential discussions, and the provision of unnecessary supporting evidence. Stated differently, Plaintiff need only allege what is necessary to put Defendants on notice that they are entitled to relief on any legally sustainable grounds.

Defendants shall answer or otherwise plead in response to any amended Complaint within the time prescribed by the Federal

> Rules of Civil Procedure.
>
> Given the Court's decision under Rule 8 and the provision for re-pleading, the Court **SETS ASIDE** the Report and Recommendation as to Rule 12.

Docket No. 156.

On March 12, 2018, Plaintiff filed a Motion for an Extension of time to Amend his Complaint (Docket No. 163), which was granted by the undersigned on March 15, 2018 (Docket No. 164).

### H.  Plaintiff's Next Amended Complaint and Defendants' Third Set of Motions to Dismiss

On March 28, 2018, Plaintiff filed another Amended Complaint in this action. Docket No. 165. This Amended Complaint is 80 pages and generally consists of the same lengthy allegations as his original Complaint and his prior Amended Complaint. *Compare* Docket Nos. 1, 138, and 165.

On February 11, 2018, Defendants filed their third set of Motions to Dismiss and supporting Memoranda of Law, again seeking dismissal of Plaintiff's Amended Complaint for failure to comply with Fed. R. Civ. P. 8 and also for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket Nos. 166-169. Plaintiff filed a Response in Opposition to Defendants' third Motions to Dismiss, along with a supporting Memorandum of Law. Docket Nos. 173, 174.

### I.  Plaintiff's Current Motion to Amend his Complaint

On May 16, 2018, Plaintiff has filed yet another Motion to Amend his Complaint (Docket No. 171), to which Defendants have filed a Response in Opposition (Docket No. 175).

## II. Law and Analysis

### A. Fed. R. Civ. P. 8(a), (d), (e)

Fed. R. Civ. P. 8(a), (d), (e) set forth the requirements for a pleading that states a claim for relief as follows:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> . . .
>
> **(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**
>
> > **(1)** *In General.* Each allegation must be simple, concise, and direct. No technical form is required.
> >
> > **(2)** *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> >
> > **(3)** *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.
>
> **(e) Construing Pleadings.** Pleadings must be construed so as to

do justice.

**B.  The Case at Bar**

As can be seen, this has been an almost 2 ½ year cycle of Plaintiff filing a Complaint, Defendants filing a responsive pleading or dispositive motion, Plaintiff filing a motion to amend his Complaint or filing an Amended Complaint with or without leave of Court, Defendants filing a responsive pleading or dispositive motion, Plaintiff filing a motion to amend his Complaint or filing an Amended Complaint with or without leave of Court, etc.  The undersigned, along with Judges Sharp, Haynes, and Crenshaw, have each remarked in one way or another on the "rambling, repetitive, and far-reaching" nature of the allegations of Plaintiff's Complaint and Amended Complaints (which have ranged from 143 pages to 80 pages).  *See* Docket Nos. 7, 8, 128, 153, 156.  Judge Crenshaw, in his Order entered February 1, 2018 agreed with the undersigned's Report and Recommendation recommending dismissal for failure to comply with Fed. R. Civ. P. 8 (Docket No. 153) stating:

> Plaintiff's latest Complaint is neither short nor plain.  The allegations therein are not simple, concise, and direct.  It is 137 pages in length and contains innumerable footnotes, legal arguments, and references to numerous extraneous exhibits.  It veers from conclusory to disorganized, and from specific to overly broad.  Given these factors, responding to the Complaint would place an undue burden on Defendants, and - just as importantly - the continuation of this action as currently devised would impose a huge burden on the Court in attempting to manage this case.

Docket No. 156.

Despite agreeing that Plaintiff's Amended Complaint failed to comply with Fed. R. Civ. P. 8 or Judge Haynes' Order, Judge Crenshaw felt that because Plaintiff had not been explicitly warned by Judge Haynes that noncompliance could result in dismissal of this action, the

11

interests of justice counseled that Plaintiff should be granted one final chance to file an Amended Complaint that complied with Fed. R. Civ. P. 8. *Id.* Accordingly, Judge Crenshaw gave Plaintiff one final bite at the apple, noted that noncompliance could result in dismissal, and explicitly instructed:

> Plaintiff is **ORDERED** to, within thirty (30) days, file a further amended Complaint containing a short and plain statement of his claims. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. Plaintiff should avoid legal argument, conclusory statements, tangential discussions, and the provision of unnecessary supporting evidence.

*Id.*

Plaintiff's operative Amended Complaint fails to comply with either Fed. R. Civ. P. 8 and Judge Crenshaw's Order. In light of Plaintiff's repeated failure to comply with Fed. R. Civ. P. 8 despite the Orders from Judge Haynes and Judge Crenshaw to do so, the injustice to Defendants of mounting expenses related to repeatedly having to file responsive pleadings and/or dispositive motions on the same issues, the injustice to Defendants in enduring the undue delay in resolving this action, and Judge Crenshaw's explicit warning that he was awarding Plaintiff one final chance to amend his Complaint and that dismissal for noncompliance could result, the undersigned again recommends dismissal of this action for failure to comply with Fed. R. Civ. P. 8.

### III. Conclusion

For the reasons set forth above, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 166, 168) be GRANTED, and that this action be DISMISSED WITH

PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge