# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GAI KUOT #507979, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 1:16-cv-0006<br>) |
| CORRECTIONS CORPORATION OF<br>AMERICA, et al., | ) DISTRICT JUDGE CAMPBELL<br>) MAGISTRATE JUDGE<br>) FRENSLEY |
| Defendants. | )<br>)<br>) |

## ORDER AND MEMORANDUM OPINION

This case has been reassigned to the undersigned Judge.

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 179), recommending the Court grant Defendants' Motion to Dismiss. (Doc. Nos. 139, 166, 168). Plaintiff filed objections to the R&R (Doc. No. 180) and Defendant's responded to the objections. (Doc. Nos. 181, 182). The Court has reviewed the R&R and each of the Plaintiff's objections, and conducted a *de novo* review of the record. For the reasons set forth below, the Court concludes Plaintiff's objections are without merit and are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009); *Lea v. United States Dep't of Agric.*, 2018 WL 721381, at *1 (M.D. Tenn. Feb. 6, 2018) ("A general objection, or one that merely

restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge."). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The relevant facts in this case are summarized by the Magistrate Judge's R&R (Doc. No. 179), and are adopted in its entirety for purposes of this Order. Despite the requirement that a party object specifically to a magistrate judge's R&R and not simply restate previous arguments, Plaintiff filed objections, many of which essentially re-state the arguments previously made in his responses to Defendants' motion to dismiss and amended Complaints. The Court, nevertheless, has conducted a *de novo* review of the record and will attempt to address Plaintiff's objections.

Plaintiff essentially restates the facts in his amended Complaints in an attempt to show the Court he, in fact, states a claim under Fed. R. Civ. P. 8. (Doc. No. 180). Plaintiff argues the numerous factual allegations in his amended Complaint are the "aggregate of operative facts." (*Id.* at 4). Due to the multiple Defendants and longer periods of time over which the violations against him occurred, Plaintiff asserts he must include more "short and plain statements" in his Complaint. (*Id.*). The Magistrate correctly found Plaintiff failed to adhere to Fed. R. Civ. P. 8, despite the Orders from Judge Haynes and Judge Crenshaw to do so. Having conducted a *de novo* review of the Magistrate Judge's determinations and Plaintiff's objections, the Court concludes the objections are without merit, and the R&R findings of whether Plaintiff's Amended

Complaint complied with Fed. R. Civ. P. 8 should be adopted. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

On May 16, 2018, Plaintiff again filed a Motion to Amend Complaint (Doc. No. 171) while the Defendants' Third Motion to Dismiss was pending before the Court. (Doc. No. 168). Based on the numerous Amended Complaints already filed with the Court, as discussed in the R&R, Plaintiff's Motion to Amend Complaint is **DENIED**.

On June 8, 2018, Plaintiff also filed a Motion to Clarify the Applicable Pleading Standard that Distinguishes between Requisite Operative Facts and Unnecessary Detailed Factual Allegations (Doc. No. 176), and Defendant's responded. (Doc. No. 177). The Sixth Circuit has established that prisoner and *pro* se litigants must follow the Federal Rules of Civil Procedure and the Court does not have an obligation to create a plaintiff's claims. *See Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Therefore, the Court **DENIES** Plaintiff's Motion to Clarify.[1]

This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Plaintiff had numerous opportunities to file a Complaint that adhered to Fed. R. Civ. P. 8. The Court gave Plaintiff guidance on the appropriate manner to form his Complaint in compliance with the Federal Rules of Civil Procedure.

3